UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIE FRANKLIN, | ) | |
| | ) | Cause No:       18-1335 |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| REONA WISE, an individual, | ) | |
| Serve at: | ) | |
| 1200 North 13th Street | ) | |
| East St Louis, Il 62205 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LESSIE BATES DAVIS | ) | |
| NEIGHBORHOOD HOUSE, | ) | |
| Serve at: | ) | |
| 1200 North 13th Street | ) | |
| East St Louis, Il 62205 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, by his attorneys, and for his complaint against Lessie Bates Davis Neighborhood House and Reona Wise states as follows:

### Introduction

1.      This matter arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law (ILMWL), 820 Ill. Comp. Stat. Ann. 105/1, *et. seq.*, the Illinois Wage Collection and Payment Act (ILWCPA), 820 Ill. Comp. Stat. Ann. 115/1 *et. seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the Illinois Human Rights Act, 775 Ill. Comp. Stat. Ann. 5/1-101, *et. seq.* Plaintiff was employed as a bus driver by Lessie Bates Davis Neighborhood House. Defendants did not pay Plaintiff for off-the-clock work. Defendants also did not pay Plaintiff overtime. Defendant Lessie Bates Davis Neighborhood House discriminated against Plaintiff because of his age. Defendant Lessie Bates

Davis Neighborhood House terminated Plaintiff because of his protected status and his desire to be compensated for his work.

## Jurisdiction and Venue

2.      Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1331 to hear and decide claims under federal law. Plaintiff invokes supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and decide Plaintiff's claims under Illinois state law.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Lessie Bates Davis Neighborhood House is a resident of this District and all events giving rise to this action occurred within the Southern District of Illinois.

4.      On April 4, 2018, Plaintiff cross-filed a charge of discrimination against Defendant Lessie Bates Davis Neighborhood House with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") alleging age discrimination and retaliation. On April 23, 2018, Plaintiff received a Right to Sue letter filed this lawsuit within 90 days of receipt of the Right to Sue. Plaintiff has fully complied with the administrative exhaustion requirements of the ADEA and the IHRA.

## Parties

5.      Plaintiff is a 69-year-old citizen of the state of Illinois and currently resides at 121 Brentwood Blvd., Alton, IL 62002.

6.       Defendant Lessie Bates Davis Neighborhood House is an Illinois business located at 1200 N 13th St, East St Louis, IL 62205.

7.      Defendant Reona Wise is a Missouri citizen. Upon information and belief, Defendant Wise lives in Hazelwood, Missouri.

## Statement of Facts
## Common to All Counts

2

8.     Defendant Lessie Bates Davis Neighborhood House is a community center that provides services, food, and clothing, to address needs of youth and families in the East St. Louis community. Services include a Meals on Wheels program that provides meals to local seniors in need, and a partnership with the local school districts to provide transportation services to students.

9.     Plaintiff began his first day of work with Defendant Lessie Bates Davis Neighborhood House in October 2016.

10.     Plaintiff was 68 years old when he was hired.

11.     Plaintiff started working for Defendant Lessie Bates Davis Neighborhood House in the Senior Center. Plaintiff was hired as a driver for the Senior Center's Meals on Wheels Program.

12.     Tenille Traylor was Plaintiff's supervisor when he worked for the Senior Center. Ms. Traylor controlled Plaintiff's hours, time reporting, and duties while he worked for the Senior Center.

13.     Despite his title, Plaintiff was much more than a driver for the Senior Center. Plaintiff's job duties included driving the deliveries for Meals on Wheels, making the meals for Meals on Wheels, loading and unloading the meals onto company vehicles, assisting in the kitchen, driving seniors to and from appointments during the day, as well as any other odd jobs necessary for the Senior Center after he delivered the meals.

14.     Plaintiff made $13.00 an hour when he worked for the Senior Center.

15.     Plaintiff handled meal delivery first, and then completed other tasks in the Senior Center after, such as driving the seniors to appointments, or helping in the kitchen.

16.     Defendant Leslie Bates Neighborhood House initially scheduled Plaintiff to work Monday through Friday from 6:00a.m to 2:00p.m. However, in order to prepare the meals in time for the 6:00 a.m. delivery, Plaintiff went into work every day at 3:30 a.m.

3

17.     Plaintiff went into work at the same time as his co-worker, Jerome Grant, who also worked off the clock until 6:00 a.m.

18.     Plaintiff informed Ms. Traylor he had to arrive at work at 3:30 a.m. in order to prepare the meals for their 6:00a.m. delivery. However, Defendant Lessie Bates Davis Neighborhood House did not compensate Plaintiff for the hours he worked from 3:30 a.m. to 6:00 a.m.

19.     Plaintiff went above and beyond his normal scheduled hours to assist where needed at Defendant Lessie Bates Davis Neighborhood House. Plaintiff worked on weekends, off the clock, to help with barbecues or other community functions sponsored by Defendant Lessie Bates Davis Neighborhood House. At the community events, Plaintiff assisted in preparing and serving the food.

20.     Ms. Traylor and the Vice President of Workforce Development, Eric Smith, regularly complimented Plaintiff for his hard work and dedication to the company.

21.     Chris Coleman, the former CEO for Defendant, regularly told Plaintiff how glad he was that Plaintiff worked for Defendant Lessie Bates Davis Neighborhood House. If Mr. Coleman was too busy or unable to appear at volunteer events held by Defendant, Mr. Coleman sent Plaintiff to make an appearance or give a speech on behalf of the organization.

22.     Mr. Coleman recommended Plaintiff for an additional position of school bus driver several months after Plaintiff started.

23.     Plaintiff was hired for that position in addition to working for the Senior Center in late January or early February 2017.

24.     Defendant Reona Wise, the Vice President of Education, was Plaintiff's supervisor when he worked school bus driver shifts. Defendant Wise controlled Plaintiff's hours and duties

while he drove the school bus. Ms. Traylor remained Plaintiff's supervisor while he worked in the Senior Center.

25.    Plaintiff's duty as a bus driver for the school was to drive children to and from the schools in the East St. Louis area.

26.    Plaintiff made $14.00 an hour when he worked as a bus driver.

27.    Once Plaintiff began driving the school bus three days a week in addition to working for the Senior Center, his schedule changed. Thereafter, Plaintiff's scheduled hours for driving the school bus were Tuesdays from 6:00 a.m. to 8:30 a.m. and 2:00 p.m. to 5:00 p.m., Wednesdays from 2:00 p.m. to 5:00 p.m., and Thursdays from 6:00 a.m. to 8:30 a.m. and 2:00 p.m. to 5:00 p.m. driving the school bus.

28.    Plaintiff continued to work five days a week for the Senior Center. Plaintiff's scheduled hours for working in the Senior Center were Mondays from 6:00 a.m. to 2:00 p.m., Tuesdays from 8:30 a.m. to 2:00 p.m., Wednesdays from 6:00 a.m. to 2:00 p.m., Thursdays from 8:30 a.m. to 2:00 p.m., and Fridays from 6:00 a.m. to 2:00 p.m. for the Senior Center. However, Plaintiff continued to go to work each day at 3:30 a.m. before the 6:00 a.m. shifts at the Senior Center to prepare meals for Meals on Wheels. Plaintiff was still not compensated for that extra time.

29.    Plaintiff was paid at the rate of $13.00 an hour for hours he worked for the Senior Center, and $14.00 an hour for hours he worked while driving the school bus. Plaintiff received the same paycheck for both the Senior Center hours and for driving the school bus.

30.    Neither driving position required Plaintiff to travel across state lines.

31.     Several months after Plaintiff started driving the school bus, Mr. Coleman suspended Defendant Wise from work for a period of about six months. Plaintiff reported to Ms. Beverly Lyons during that time.

32.     In the fall of 2017, Defendant Wise returned from the suspension.

33.     When Defendant Wise returned from suspension, she began to regularly call Plaintiff on his bus route. Plaintiff could not answer her calls while driving as it was illegal and unsafe. However, when Plaintiff returned Defendant Wise's calls after pulling the bus over to a safe location, she regularly reprimanded him for not answering the phone. In the spring of 2018, when a safety monitor was late, Plaintiff waited to leave for his bus route with him. Defendant Wise yelled at Plaintiff to leave for his bus route without a safety monitor on the bus. When Plaintiff began working as a school bus driver, Plaintiff learned it was policy to always have a safety monitor on the bus.

34.     When Defendant Wise returned from her suspension, Plaintiff overheard Defendant Wise tell one of Plaintiff's coworkers, "I'm tired of all the old people in this building," referring to Plaintiff.

35.     In the fall of 2017, Defendant Wise refused to pay Plaintiff more than 20 hours biweekly for driving the school bus, regardless of how many hours Plaintiff worked.

36.     In January 2018, Plaintiff approached payroll to complain about not being paid for all his hours for his school bus driver shifts. The woman working in payroll told Plaintiff he needed to speak to Reona Wise to get the money.

37.     After that conversation, Plaintiff went to Mishayla Clemmons, the Human Resources director, to talk about the missing pay. Ms. Clemmons called Defendant Wise and told

her, "You need to pay this man. You can't treat him like this." Defendant Wise told Ms. Clemmons, "He makes too much overtime."

38.     Despite that conversation, Defendant Wise still refused to pay Plaintiff for all his work hours.

39.     In early 2018, Plaintiff told the new CEO, Gary Gaston, he would no longer drive the school bus since he was not getting paid for all his hours. Plaintiff told Mr. Gaston he would continue to work for the Senior Center. Plaintiff desired to continue working for the Senior Center even though he was not getting paid for all his off-the-clock hours there because he had a good rapport with many of the seniors at the center.

40.     During that conversation, Mr. Gaston asked Plaintiff as a "personal favor" to stay on as a school bus driver. Mr. Gaston told Plaintiff he would fix Plaintiff's paychecks if Plaintiff stayed. Plaintiff agreed to stay.

41.     Plaintiff received one paycheck in March of 2018 that reflected all the hours he drove the school bus, including his overtime pay. Plaintiff still did not receive compensation for his off-the-clock hours at the senior center.

42.     Plaintiff filed a formal grievance against Defendant Wise on March 7, 2018.

43.     Within eight days of filing the grievance, on Thursday, March 15, 2018, Ms. Clemmons called Plaintiff and told him school staff found two students outside the school building who claimed they were left on the school bus.  Plaintiff told Ms. Clemmons he did not leave any children on the bus and no children were on the bus when he did his daily check of the bus after he dropped off the students.

44.     It was not unusual for children to escape from classes to go outside. For example. in February of 2018, a child eloped from the classroom and staff found the child outside the school.

7

In the 2016-2017 school year, a child eloped from the classroom and a parent found the child outside the school.

45.     Nobody was terminated in those instances.

46.     Ms. Clemmons told Plaintiff he was suspended until she investigated how the children got outside of the school. Ms. Clemmons told Plaintiff she would follow up with him the following Monday.

47.      During the investigation, Ms. Clemmons boarded the bus to re-create the scenario of children being left on the bus, and had difficulty getting off because the doors to the bus are heavy and pushing them open from the inside was almost impossible. Ms. Clemmons also spoke other staff members who were present that morning. After the investigation was complete, Ms. Clemmons determined that if the children had been left on the bus, they would not be able to open the doors to the bus from the inside to exit the bus. Further, the school attendance sheet reflected both children were checked in for class at 8:30am after being dropped off by the bus.

48.     An investigator Illinois Department of Children and Family Services (DCFS) contacted Plaintiff to investigate the situation as well. The investigator told Plaintiff there was no finding of child abuse or neglect.

49.     After the completed investigation, Ms. Clemmons told Mr. Gaston, Ms. Lyons and Defendant Wise there were no conclusive findings that Plaintiff left the children on the bus.

50.      Ms. Clemmons also told Ms. Traylor to expect Plaintiff on Monday for his shift.

51.     On Monday morning, Plaintiff called Ms. Clemmons to determine the status of the investigation. Ms. Clemmons told Plaintiff that he was terminated.

52.     These events unfolded within just two weeks after Plaintiff filed a grievance against Defendant Wise.

8

53.     Ms. Clemmons told Plaintiff she was just "following orders" when she terminated him, and told Plaintiff she was not the one making the decision, and that decision was left to the "personnel committee."

54.     Plaintiff had never heard of a "personnel committee" before this conversation and suspects no such committee exists.

55.     This decision confused Plaintiff. Plaintiff never received a write up or reprimand during his employment.

56.     Plaintiff was also highly qualified for his work for Defendant Lessie Bates Davis Neighborhood House. Before working for Defendant Lessie Bates Davis Neighborhood House, Plaintiff was a bus driver for several decades.

57.     Despite his termination, Plaintiff felt obligated to continue assisting at the Senior Center because of his good relationship with the Center clients. Plaintiff continued to volunteer at the Senior Center for a week after his termination. Plaintiff bussed tables, helped wash dishes, and spent time with the seniors.

58.     After a week, Ms. Traylor told Plaintiff she received a call from Ms. Clemmons stating Plaintiff could no longer come on to the property, even to volunteer.

59.     Plaintiff did not return after that incident.

60.     Plaintiff suspects his termination was a result of seeking payment for his work and overtime pay.

61.     Plaintiff also suspects his termination was a result of his age, since Defendant Wise expressed her dislike for older employees.

62.     A much younger employee, Juwanze Adent, who is in his mid-20s, replaced Plaintiff as the new bus driver immediately after Plaintiff's termination.

63.     At the time of his termination, Plaintiff was 69 years old.

## Count I: Fair Labor Standards Act - Failure to Pay Minimum Wage
## Against All Defendants

64.     Plaintiff hereby incorporates as if set out fully herein all previous paragraphs of this Complaint.

65.     Plaintiff is an employee as defined by 29 U.S.C. § 203(e).

66.     Defendant Lessie Bates Davis Neighborhood House is an employer as defined by 29 U.S.C. § 203(d).

67.     Defendant Reona Wise is a person acting directly in the interest of an employer as defined in 29 U.S.C. § 203(d).

68.     Defendants did not pay Plaintiff the federal minimum wage for all hours worked, in accordance with the FLSA, 29 U.S.C. § 206 *et. seq.*, which provides minimum hourly rates an employer shall pay to each employee for hours worked.

69.     The foregoing conduct, as alleged, was committed knowingly, willfully and maliciously by Defendants in violation of the law, as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

70.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld from Plaintiff Defendants. Accordingly, Defendants are liable under 29 U.S.C. § 216(b) for unpaid wages, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## Count II: Fair Labor Standards Act - Failure to Pay Overtime
## Against All Defendants

71.     Plaintiff hereby incorporates as if set out fully herein all previous paragraphs of this Complaint.

72.     Plaintiff is an employee as defined by 29 U.S.C. § 203(e).

73.     Defendant Lessie Bates Davis Neighborhood House is an employer as defined by 29 U.S.C. § 203(d).

74.     Defendant Reona Wise is a person acting directly in the interest of an employer as defined in 29 U.S.C. § 203(d).

75.     Defendant violated 29 U.S.C. § 207 by employing Plaintiff for workweeks longer than 40 hours without compensating him for his work in excess of 40 hours per week at a rate of one and one-half times his regular rate of pay for which he was employed.

76.     The foregoing conduct, as alleged, was committed knowingly, willfully and maliciously by Defendants in violation of the law, as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

77.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld from Plaintiff Defendants. Accordingly, Defendants are liable under 29 U.S.C. § 216(b) for unpaid overtime, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### Count III: Fair Labor Standards Act – Retaliation
### Against All Defendants

78.     Plaintiff hereby incorporates as if set out fully herein all previous paragraphs of this Complaint.

79.     Plaintiff is an employee as defined by 29 U.S.C. § 203(e).

80.     Defendant Lessie Bates Davis Neighborhood House is an employer as defined by 29 U.S.C. § 203(d).

81.     Defendant Reona Wise is a person acting directly in the interest of an employer as defined in 29 U.S.C. § 203(d).

82.     Plaintiff engaged in activity protected by the FLSA, including but not limited to the following: (a) making a claim to Defendants for failure to pay wages and overtime wages; and (b) complaining that Plaintiff is entitled to compensation after Defendants refused to pay Plaintiff.

83.     Plaintiff was retaliated against and terminated because of his protected activity.

84.     Defendants' actions violated the anti-retaliation provision of the FLSA, 29. U.S.C. 215(a)(3).

85.     As a direct and proximate result of Defendants' unlawful retaliation against Plaintiff, Plaintiff sustained and continues to sustain damages.

86.     Defendants' actions were intentional, willful, knowing, wanton, and malicious, and in flagrant disregard for Plaintiff's rights, and entitle Plaintiff to an award of punitive and or liquidated damages.

87.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks reinstatement, and damages of lost wages, compensatory damages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### Count IV: Illinois Minimum Wage Law - Failure to Pay Minimum Wage
### Against Defendant Lessie Bates Davis Neighborhood House

88.     Plaintiff hereby incorporates as if set out fully herein all previous paragraphs of this Complaint.

89.     Plaintiff is an employee as defined by 820 ILCS 105/3(d).

12

90.    Defendant Lessie Bates Davis Neighborhood House is an employer as defined by 820 ILCS 105/3(c).

91.    Defendant Lessie Bates Davis Neighborhood House did not pay Plaintiff the minimum wage for all hours Plaintiff worked in accordance with the ILMWL, 820 ILCS 105/4(a)(1), which requires employers to pay employees 18 years of age or older in every occupation wages of not less than $8.25 per hour after July 1, 2010.

92.    Pursuant to 820 ILCS 105/12(a), Plaintiff seeks all underpayments, and damages of 2% of the amount of underpayments for each month following the date of payment during which such underpayments remain unpaid, together with costs and such reasonable attorney's fees as may be allowed by the Court.

### Count V: Illinois Minimum Wage Law - Failure to Pay Overtime
### Against Defendant Lessie Bates Davis Neighborhood House

93.    Plaintiff hereby incorporates as if set out fully herein all previous paragraphs of this Complaint.

94.    Plaintiff is an employee as defined by 820 ILCS 105/3(d).

95.    Defendant Lessie Bates Davis Neighborhood House is an employer as defined by 820 ILCS 105/3(c).

96.    From the fall of 2017 through March 2018, Defendant violated 820 ILCS 105/4(a) by employing Plaintiff for workweeks longer than 40 hours without compensating him for his work in excess of 40 hours per week at a rate no less than one and one-half times her regular rate of pay for which he was employed.

97.    Pursuant to 820 ILCS 105/12(a), Plaintiff seeks all underpayments, and damages of 2% of the amount of underpayments for each month following the date of payment during which

such underpayments remain unpaid, together with costs and such reasonable attorney's fees as may be allowed by the Court.

### Count VI: Illinois Wage Collection and Payment Act – Failure to Pay Wages
### Against All Defendants

98.     Plaintiff hereby incorporates as if set out fully herein all previous paragraphs of this Complaint.

99.     Defendant is an employer covered by the mandates of the Illinois Wage Payment and Collection Act, defined in 820 ILCS 115/2.

100.     Defendant Reona Wise is a person acting directly in the interest of an employer, defined in 820 ILCS 115/2.

101.      Plaintiff is an employee entitled to the protections of the Illinois Wage Payment and Collection Act, defined in 820 ILCS 115/2.

102.     820 ILCS 115/4 requires all wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned.

103.     Defendant violated the IWPCA by regularly and repeatedly failing to pay Plaintiff for his wages earned during time spent on the work activities described in this Complaint.

104.     As a result, Plaintiff has and will continue to suffer loss of income.

105.     Pursuant to 820 ILCS 115/14(a), Plaintiff seeks to recover the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, together with costs and such reasonable attorney's fees as may be allowed by the Court.

### Count VII: Illinois Wage Collection and Payment Act - Retaliation
### Against All Defendants

106.    Plaintiff hereby incorporates as if set out fully herein all previous paragraphs of this Complaint.

107.    Defendant is an employer covered by the mandates of the Illinois Wage Payment and Collection Act, defined in 820 ILCS 115/2.

108.    Defendant Reona Wise is a person acting directly in the interest of an employer, defined in 820 ILCS 115/2.

109.    Plaintiff is an employee entitled to the protections of the Illinois Wage Payment and Collection Act, defined in 820 ILCS 115/2.

110.    Plaintiff was retaliated against and terminated because he complained about not receiving pay.

111.    Pursuant to 820 ILCS 115/14(c), it is unlawful retaliation for an employer to fire or discriminate against an employee who complains he has not been paid.

112.    Defendants terminated Plaintiff for complaining about not receiving pay.

113.    Pursuant to 820 ILCS 115/14(c), Plaintiff seeks reinstatement, recovery of damages of lost wages, compensatory damages, costs and all reasonable attorney's fees, and any other relief as may be allowed by the Court.

## Count VIII: Age Discrimination in Employment Act
### Against Defendant Lessie Bates Davis Neighborhood House

114.    Plaintiff hereby incorporates as if set out fully herein all previous paragraphs of this Complaint.

115.    Plaintiff was qualified for his job and completed his job duties in a competent and timely manner.

116.    Plaintiff is an employee as defined by 29 U.S.C. § 630 (f).

117. Defendant Lessie Bates Davis Neighborhood House is an employer as defined by 29 U.S.C. § 630 (b).

118. Defendant terminated Plaintiff because of his age, in violation of the ADEA, 29 U.S.C. § 623(a)(1), which makes it unlawful to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of his age.

119. Defendant's conduct was intentional, malicious and in reckless indifference to Plaintiff's federally protected rights such as Plaintiff is entitled to an award of liquidated damages.

120. As a direct result of Defendant's conduct, Plaintiff suffered and will continue to suffer lost wages and other economic benefits of employment.

121. As a direct result of Defendant's conduct, Plaintiff has incurred and will continue to incur attorney's fees, costs and other expenses in connection with this matter.

### Count IX: Illinois Human Rights Act – Age Discrimination
### Against Defendant Lessie Bates Davis Neighborhood House

122. Plaintiff hereby incorporates as if set out fully herein all previous paragraphs of this Complaint.

123. Plaintiff was qualified for his job and completed his job duties in a competent and timely manner.

124. At all relevant times, Plaintiff was an individual entitled to the rights, protections, and benefits provided under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq*.

125. Plaintiff is an employee as defined by 775 ILCS 5/2-201(A).

126. Plaintiff was 69 years old at the time of his termination. 775 ILCS 5/1-103(A) defines "age" as the chronological age of a person at least 40 years old.

16

127.    Defendant Lessie Bates Davis Neighborhood House is an employer as defined by 775 ILCS 5/2-201(B).

128.    Pursuant to the IHRA, it is unlawful for an employer to discharge or discipline any individual, or otherwise to act against any individual with respect to privileges or conditions of employment, on the basis of unlawful discrimination. The Illinois Human Rights Act, 775 ILCS 5/1-102(A), secures freedom for all individuals from discrimination because of age. Defendant Lessie Bates Davis Neighborhood House violated the IHRA by terminating Plaintiff from his position due to his age.

129.    As a direct result of Defendant's conduct, Plaintiff suffered and will continue to suffer lost wages and other economic benefits of employment.

130.    As a direct result of Defendant's discriminatory practices, Plaintiff has sustained and continues to sustain damages, including but not limited to economic loss in the form of back wages and benefits, future lost wages and earnings, emotional distress, humiliation, embarrassment, and deprivation of his civil rights.

131.    As a direct result of Defendant's conduct, Plaintiff has incurred and continues to incur attorney's fees, costs, and other expenses in connection with this matter.

**Conclusion**

132.    WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants Lessie Bates Davis Neighborhood House and Reona Wise, awarding lost wages and benefits, reinstatement, liquidated damages, front wages, emotional distress damages, compensatory damages, punitive damages, pre- and post-judgment interest, and attorney's fees and costs, as well as any other relief this Court deems may be just and proper.

**Demand for Jury Trial**

17

133.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by a jury.

Respectfully submitted,

*/s/ Sarah Jane Hunt*_____
**Thomas E. Kennedy**
**Sarah Jane Hunt**
Law Offices of Thomas E. Kennedy, III, L.C.
906 Olive St., Ste. 200
St. Louis, MO, 63101
314-872-9041 telephone
314-872-9043 fax
tkennedy@tekennedylaw.com
sarahjane@tekennedylaw.com

*Attorneys for Plaintiff*