UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE FRANKLIN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:18-cv-01335-NJR-RJD |
| | ) |
| **LESSIE BATES DAVIS** | ) |
| **NEIGHBORHOOD HOUSE** | ) |
| **and REONA WISE**, | ) |
| | ) |
| Defendants. | ) |

### STIPULATED PROTECTIVE ORDER

This matter is before the Court on the Joint Motion for Protective Order (Doc. 35). For good cause shown, the motion is **GRANTED** and it is hereby **ORDERED**:

1. Any party to this litigation may designate any document which it reasonably believes to be confidential and which it produces during the course of pre-trial discovery in the above-captioned action as "Confidential Material" or a similar confidential designation subject to the provisions of this Stipulated Protective Order. It shall be necessary for the designating party to stamp, designate, or otherwise describe specific documents as Confidential Material in order for the documents to be afforded the protections set forth in this Stipulated Protective Order.

2. The parties understand and acknowledge that Plaintiff and Defendants may request or have requested information that is confidential and proprietary in nature, including personnel files or medical records. The parties may designate such documents as confidential. To the extent any medical records or employment records are received by any party, such records are designated as confidential under this order.

3. The parties and their counsel shall not use any documents or information designated confidential under this order for any purpose other than in relation to the preparation and/or trial

of this case.

4. All documents and/or information produced by the parties, which are designated and protected as confidential and/or proprietary pursuant to this Protective Order, shall be individually marked and designated as confidential on each and every page, or as provided under paragraph 2.

5. The parties and their attorneys shall not disclose or permit to be disclosed any document or information contained therein to any person other than (a) a party; (b) an office or staff employee of the parties' counsel; (c) a witness or deponent in this matter; (d) a party's insurer; (e) this Court and court personnel; or (f) an expert retained or utilized by Plaintiff's counsel or Defendant's counsel to whom it is necessary that the material be shown solely for the purposes of this litigation; and provided that all of the foregoing are made aware that the confidentiality provisions of the Protective Order shall extend to them and prohibit their disclosure of such information or documentation.

6. The parties and their attorneys shall take all steps reasonably necessary to ensure that no person provided access to confidential documents or information produced in accordance with this Protective Order shall use, disclose or record such document or information for any purpose other than the preparation or conduct of this case.

7. Nothing contained in this Stipulated Protective Order shall prevent disclosure of information or documents designated as "confidential" beyond the terms of this Protective Order if the parties, upon reasonable advance notice, in writing, consent to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

8. The inadvertent or unintentional disclosure of confidential documents or information, regardless of whether the information was designated at the time of disclosure, shall

not be deemed to waive, in whole or in part, any of the parties' claims of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

9. Neither the provisions of this Stipulated Protective Order nor any disclosure by any party pursuant hereto shall constitute a waiver of any attorney-client, work product or joint defense/common interest privilege, including the protections afforded by any applicable Rules of Civil Procedure or by common law. The terms and provisions of this Stipulated Protective Order shall not be deemed or interpreted to require the disclosure or production by any party hereto of any documents or information otherwise subject to a valid claim of attorney-client, work product, or other privilege or protection against disclosure in discovery. In the event any party or person inadvertently or unintentionally produces or discloses any document or information protected by the attorney-client privilege, joint defense/common interest privilege, or any work product doctrine, including but not limited to the protections afforded by any applicable Rules of Civil Procedure or by common law, the party or person who receives such document or information shall, upon written request by the party or person who produced such document or information, immediately return it and all copies of it to the party or person who produced or disclosed such document or information.

10. No objection shall be interposed at deposition that an answer would elicit confidential information. Portions of the transcripts that discuss or reference the confidential material will be treated as confidential for the above mentioned 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order.

11. Any confidential designation is subject to challenge by any party. Before

submitting any motion or objections to a confidentiality designation with the Court, the objection party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.

12. Nothing in this Protective Order shall be construed as preventing the use of any Confidential Information in any court filing or at trial. Prior to the trial of this case, counsel for both parties shall seek to reach agreement on the handling at trial of documents designated as confidential so as to provide the maximum protection possible against public disclosure without in any way infringing on the rights of all parties to present all evidence they deem necessary at trial, and the parties shall submit such agreement, or proposals if no agreement can be reached, to the Court for its consideration.

13. Insofar as the provisions of this or any other Protective Order entered in this action restricts the communication and use of the information or documents produced thereunder, this and any other order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in any proceeding before the Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the other party or further order of the Court with respect to dissolution or modification of this or any such Protective Order.

14. This Stipulation and Order shall not be construed as a waiver of any objections that may be made at trial to the admissibility of any evidentiary material.

*/s/ MaryAnne Quill*

MaryAnne Quill #71133
Thomas E. Kennedy, III #44617
Sarah Jane Hunt #63899
Kennedy Hunt, P.C.
906 Olive St., Ste. 200
St. Louis, MO 63101
(314) 872 – 9041 phone
(314) 872 - 9043 fax
mquill@kennedyhuntlaw.com
tkennedy@kennedyhuntlaw.com
sarahjane@kennedyhuntlaw.com
*Attorneys for Plaintiff*


*/s/ Rex P. Fennessey*
Rex P. Fennessey #58925MO
McMahon Berger, P.C.
2730 North Ballas Road, Suite 200
St. Louis, MO 63131-3039
(314) 567-7350 – Telephone
(314) 567-5968 – Facsimile
fennessey@mcmahonberger.com

*Attorneys for Defendant Lessie Bates Davis Neighborhood House*


*/s/ Denise Baker-Seal*
Denise Baker-Seal
Brown & James, P.C.
525 West Main Street, Suite 200
Belleville, IL 62220
618-355-5105 (Telephone)
dbaker-seal@bjpc.com

*Attorneys for Defendant Reona Wise*

**IT IS SO ORDERED.**

**DATED: January 25, 2019**

                *s/ Reona J. Daly*
                **Hon. Reona J. Daly**
                **United States Magistrate Judge**